```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
AGFA GEVAERT AG, AGFA CORPORATION,          :
and FORTIS INSURANCE COMPANY, N.V.,         :
                                            :    MEMORANDUM OPINION
              Plaintiffs,                   :        and ORDER
                                            :
     -against-                              :    04 Civ. 4202(JFK)
                                            :
TMM LINES LIMITED, LLC, CP SHIPS, and       :
HAPAG-LLOYD CONTAINER LINE GmbH,            :
                                            :
              Defendants.                   :
-------------------------------------------X
ALLIANZ MARINE & AVIATION (FRANCE),         :
a/s/o RHOVYL, S.A.,                         :
                                            :
              Plaintiff,                    :
                                            :
     -against-                              :    04 Civ. 7100(JFK)
                                            :
LYKES LINES LIMITED, L.L.C.  and            :
MAERSK NORFOLK, her engines,                :
tackle, boilers, etc., in rem,              :
                                            :
              Defendants.                   :
-------------------------------------------X
```
**JOHN F. KEENAN, United States District Judge**:

      Defendants have filed motions for reconsideration and reargument of the Court's August 25, 2005 Opinion and Order denying summary judgment to both sides. Familiarity with the facts of this case is assumed. For the following reasons, the Court denies Defendants' motions.

      Local Civil Rule 6.3 permits reconsideration motions so that the parties may bring to the Court's attention "matters or controlling opinions which counsel believes the court has overlooked." Rule 6.3 is strictly construed in order to spare the Court the time-wasting task of considering repetitive

arguments on decided issues.  See, e.g., Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999).

Defendants CP Ships, TMM Lines Limited, LLC, and Lykes Lines Limited LLC (collectively the "CP Defendants") and Hapag-Lloyd Container Line GmbH ("Hapag") have filed separate briefs, but their arguments are essentially the same and will be treated together.  Defendants contend that the number of "packages" for the purposes of the Carriage of Goods by Sea Act ("COGSA") was 35, not 563, and that "the Court overlooked the fact that those 35 packages are six cartons and 29 pallets." (CP Mem. at 1-2).  To the contrary, the Court treated this argument in full in the August 25, 2005 Order, specifically on pages 7 and 14.

The CP Defendants attempt to present "additional evidence that clarifies or resolves any apparent ambiguity about Agfa's intent." (CP Mem. at 2-3).  The Court considered all of the evidence before it on the prior motion and concluded that there was ambiguity concerning the number of packages for purposes of the Carriage of Goods by Sea Act ("COGSA").  The CP Defendants present no "additional evidence."  They merely restate their previous arguments while relying on the same declarations and documents that the Court already has considered.  Hapag, contending that the Court "overlook[ed] the significance of several factors substantiated by Plaintiffs [sic] AGFA's own documents and records" (Hapag Mem. at 2), does the same.

2

Finally, Defendants query the Court's determination on the issue of quasi-deviation. Agfa's Transport Instruction states: "CONTAINER UNBEDINGT UNTER DECK VERLADEN," which translates as "UNCONDITIONALLY LOAD CONTAINER BELOW DECK." (Bathrellos Stmt. ¶ 5). Representatives from the CP Defendants claim that such requests are generally declined, but neither representative remembers any objection from Agfa regarding the containers at issue. (Schrauwen Decl. ¶2; Wouters Decl. ¶ 3). In other words, the evidence at this stage does not conclusively show that Agfa's demand in its Transport Instruction was accepted or declined. The parties also continue to dispute whether the vessel had room for storage below deck. As the Court stated at page 18 of its previous order, there are "obvious factual disputes," and the record does not warrant summary judgment on the quasi-deviation issue.

Defendants set forth neither factual matters nor controlling precedent that the Court overlooked in its August 25, 2005 Order. The motions for reconsideration are denied.

**SO ORDERED.**

Dated: New York, New York
October **3**, 2005

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge